UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMIT BALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0615-CVE-JFJ |
| ) | |
| WALMART, INC.,[1] ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to dismiss and brief in support (Dkt. # 13), plaintiff's response and amended response (Dkt ## 18, 19), defendant's reply (Dkt. # 22), and plaintiff's surreply (Dkt. # 31). Plaintiff Emit Ball filed this case alleging employment discrimination claims under state and federal law. Defendant Walmart, Inc. (Walmart) asks the Court to dismiss each of plaintiff's claims for lack of jurisdiction or failure to state a claim. Walmart argues that plaintiff failed to exhaust his administrative remedies before filing a lawsuit asserting state and federal employment discrimination claims, and many of the statutes cited by plaintiff do not give rise to a private cause of action. Plaintiff responds that defendants should not be permitted to avoid litigating his substantive claims using "procedural technicalities," and he asks the Court to focus on the merits of his claims. Plaintiff's filings contain conflicting allegations concerning

---

[1] Plaintiff's complaint identifies the defendant as "Walmart, Inc., a Delaware Corporation, and its Employees, Michael, Dylan, Haley, Brad, and others to be identified." Dkt. # 1, at 1. The Court Clerk has listed one defendant, Walmart, Inc., on the docket sheet, and plaintiff has served only the registered agent for Walmart, Inc. Dkt. # 9. The motion to dismiss (Dkt. # 13) is filed on behalf of "defendants," even though the docket sheet identifies only a single defendant, and the Court will refer to Walmart, Inc. as the defendant in this opinion and order.

whether he filed a charge of discrimination prior to filing suit or, if he did, whether the charge was timely filed.

## I.

Plaintiff alleges that he began working for Walmart in February 2023, and he claims that he was forced to resign on April 26, 2023 due to hostile workplace conditions. Plaintiff alleges that a series of incidents took place during his employment that were intended to create a hostile and unsafe work environment, and plaintiff believes that he was targeted for mistreatment because of his race. The first incident took place on February 21, 2023 when plaintiff lost his phone at work, and he claims that a Walmart manager, Kennedi, took his phone and placed it in a lost and found bin. Dkt. # 1, at 5. Plaintiff believes that Kennedi deliberately took the phone from plaintiff to harass him, and he claims that the incident was a "deliberate act intended to manipulate or intimidate him . . . ." Id. at 6.

Plaintiff alleges that several events took place on March 9 and 10, 2023 that made him feel embarrassed and humiliated. Beginning on March 9, 2023, plaintiff alleges that his manager, Michael, began to treat plaintiff in a hostile manner, and plaintiff believed that he was being given unfair and unreasonable work assignments. Id. at 6-7. Plaintiff refers to March 10, 2023 as "Cleaning Day." Plaintiff admits that he arrived to work late, and Michael allegedly assigned plaintiff various cleaning tasks without providing plaintiff appropriate tools and equipment to complete the tasks efficiently. Id. at 7, 9. Plaintiff has identified several events that took place in April 2023 that made him perceive "Cleaning Day" as a hostile and discriminatory act, and he claims that Walmart management subsequently asked plaintiff if he would like to change shifts to avoid interacting with Michael. Id. at 10. Walmart also offered to assign plaintiff to a new position as a

driver that would remove him from the store. Plaintiff viewed both of these offers as an attempt to isolate him and prevent him from making complaints about unfair or discriminatory conduct that was taking place in the store. Id. Based on these and other incidents, plaintiff states that he was the victim of "gang stalking and coordinated harassment," and plaintiff claims that his managers and co-workers acted in a concerted manner in an attempt to intimidate and isolate him. Id. at 12. Plaintiff submitted a resignation letter on April 26, 2023 claiming that he was the victim of a hate crime, and he threatened to bring a lawsuit against Walmart. Id. at 31. The complaint contains no allegations that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or that he filed a complaint with the Oklahoma Attorney General's Office of Civil Rights Enforcement (OCRE). However, plaintiff's other filings contain conflicting allegations about his pre-suit exhaustion of administrative remedies. Dkt. # 19, at 4 (plaintiff argues that the filing of an EEOC charge is not a jurisdictional prerequisite and claims that he did not file a charge due to "lack of notice and procedural confusion); Dkt. # 31, at 1 ("Plaintiff diligently pursued his rights, obtaining an EEOC right-to-sue letter and filing within the 90 day window").

On December 17, 2024, plaintiff filed this case alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA), as well as claims under federal and state criminal statutes prohibiting hate crimes. Id. at 16. Plaintiff seeks compensatory damages in the amount of $25 million and punitive damages. Id. at 1.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is

properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall

### III.

Walmart argues that plaintiff failed to file a timely charge of discrimination prior to filing suit, and plaintiff's state and federal employment discrimination claims should be dismissed. Walmart also argues that neither 18 U.S.C § 249 nor OKLA. STAT. tit. 21, § 850 provide a private cause of action, and Walmart contends that plaintiff has not adequately alleged a claim for intentional infliction of emotional distress. Plaintiff failed to respond to Walmart's arguments concerning the viability of plaintiff's claims under state and federal hate crime statutes, and Walmart

argues that plaintiff has abandoned those claims. As to his employment discrimination claims, plaintiff alternatively argues that his lack of compliance with the exhaustion requirement should be excused or that he has actually exhausted his administrative remedies. Dkt. # 19, at 4; Dkt. # 31, at 1. Plaintiff also argues that he was the victim of targeted harassment and supervisory abuse of authority, and he contends that he has adequately alleged that Walmart engaged in extreme and outrageous behavior for an intentional infliction of emotional distress claim.

**Title VII and OADA Claims(Counts I and V)**

Walmart argues that plaintiff's Title VII and OADA claims (Counts I and V) should be dismissed due to plaintiff's failure to file a charge of discrimination before filing suit.[2] An aggrieved employee who intends to file discrimination claims against his employer must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1163 (10th Cir. 2007). The filing of an EEOC charge is not a jurisdictional requirement that must be satisfied prior to filing suit, and it is an affirmative defense that is subject to waiver, estoppel, and equitable tolling. Lincoln v. BNSF Railway Co., 900 F.3d 1166, 1183 (10th Cir. 2018). Whether or not an EEOC filing is a jurisdictional prerequisite, the practical effect is the same in cases in which a defendant seeks dismissal based on the plaintiff's failure to file an EEOC charge, and courts must dismiss Title VII claims for failure to exhaust administrative remedies when it is undisputed that the plaintiff has not filed a timely EEOC charge. Smith v. Cheyenne Retirement Investors, L.P., 904 F.3d 1159, 1163-64 (10th Cir. 2018). Exhaustion

---

[2] Count I of plaintiff's complaint alleges employment discrimination claims based on disparate treatment, and Count V asserts that Walmart retaliated against plaintiff for engaging in protected activity. Walmart has not argued that plaintiff fails to state a claim for disparate treatment or retaliation, and the Court does not reach that issue in this opinion and order.

of administrative remedies is also a requirement under Oklahoma law, and an OADA claim is subject to dismissal for failure to file a timely charge of discrimination in the same manner as Title VII claims. OKLA. STAT. tit. 25, § 1302; Livingston v. Humana, 2023 WL 8243030, *2 (N.D. Okla. Nov. 28, 2023).

Plaintiff's complaint contains no allegations concerning the filing of an EEOC charge. In response to the motion to dismiss, plaintiff cites the doctrine of equitable tolling and makes vague allegations that "lack of notice and procedural confusion" prevented him from filing a timely EEOC charge. Dkt. # 19, at 4. He also alleges that an "administrative dismissal was issued without addressing the substantive claims," and this could be a reference to a possible filing with the EEOC. Id. at 5. The Court notes that equitable tolling of the deadline to file a timely EEOC charge is extremely rare, and equitable tolling is permitted only when a defendant's actions "rise to the level of active deception" or when a plaintiff has been "lulled into inaction by [his] past employer . . . ." Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002). Plaintiff's arguments concerning equitable tolling are at best vague and conclusory, and it seems that plaintiff is relying on the alleged discriminatory conduct giving rise to his Title VII claims as the basis for equitable tolling. These allegations do not provide a basis for equitable tolling of the deadline for plaintiff to file an EEOC charge. Plaintiff's complaint wholly fails to allege that he exhausted or even attempted to exhaust his administrative remedies, and this is a sufficient basis to dismiss his Title VII and OADA claims. Smith, 904 F.3 at 1166 (Title VII claim can be dismissed for failure to exhaust administrative remedies when this affirmative defense is raised by a defendant in a Rule 12 motion); Jenkins v. CACI Int'l Inc., 2021 WL 4887983 (W.D. Okla. Oct. 19, 2021) (dismissing OADA claim due to the plaintiff's failure to include any allegations concerning the exhaustion of administrative remedies).

Due to plaintiff's pro se status, the Court finds that he should be given an opportunity to file an amended complaint clarifying the potential filing of an EEOC charge and the timeliness of the charge if one was filed. Plaintiff is advised that he must clearly allege in his amended complaint whether he timely exhausted his administrative remedies, and plaintiff should attach copies of his EEOC charge and right to sue letter to his amended complaint.

**18 U.S.C. § 249 and OKLA. STAT. tit. 21, § 850 (Count II and III)**

Plaintiff is attempting to assert claims under federal and state hate crime statutes, and Walmart argues that these statutes do not provide a private cause of action for civil litigants. Section 249 is a federal criminal statute providing that "[w]hoever, whether or not acting under color of law, willfully causes bodily injury to any person or, through the use of fire, a firearm, a dangerous weapon, or an explosive or incendiary device, attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person" shall be guilty of a crime. Section 249 does not provide a civil cause of action for alleged violations of the statute, and courts have determined that federal criminal statutes that do not provide a private right of action cannot be used as the basis for a civil claim. Lee v. United States Agency for Int'l Development, 859 F.3d 74, 77-78 (D.C. Cir. 2017); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). Plaintiff offers no argument in support of this claim, and the Court finds that plaintiff has no basis to bring a civil claim against Walmart under § 249. It also appears that plaintiff intends to assert a claim under OKLA. STAT. tit. 21, § 850. Section 850 makes it a crime to "maliciously and with the specific intent to intimidate or harass another person because of theat person's race . . . ." Walmart contends that § 850 is a state criminal statute that does not provide a private right of action for a civil claim. Plaintiff fails to respond to this argument, and it appears that plaintiff has abandoned this claim. In

any event, the Court cannot locate any legal authority suggesting that § 850 provides the basis for a civil claim. Plaintiff's claims under federal and state hate crime statutes (Counts II and III) are dismissed for failure to state a claim.

**Intentional Infliction of Emotional Distress (Count IV)**

Walmart argues that plaintiff has not adequately alleged that Walmart engaged in extreme and outrageous conduct, and plaintiff's intentional infliction of emotional distress claim should be dismissed. Dkt. # 13, at 10-11. Plaintiff responds that his supervisors continually humiliated him and subjected him to demeaning work assignments, and he contends that Walmart's conduct rises to the level of extreme and outrageous conduct. Dkt. # 19, at 5-6.

According to the Oklahoma Supreme Court, "[t]o recover damages for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002). "The trial court acts as a gatekeeper regarding the outrageousness of the defendant's conduct and the severity of the plaintiff's distress." Id. The second element of this tort, whether the conduct was extreme and outrageous, "requires proof that the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and that such conduct is regarded as atrocious and utterly intolerable in a civilized community." Id. The fourth element, whether the resulting emotional distress was severe, "requires proof that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." Id. at 736 (internal quotations and alterations omitted). "While emotional distress includes all highly unpleasant mental reactions, such as fright,

horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea, it is only where the emotional distress is extreme that liability arises." Id. (internal quotations omitted).

The Court has reviewed the allegations of plaintiff's complaint and does not find that plaintiff's allegations state a claim for intentional infliction of emotional distress. Plaintiff's complaint identifies a series of incidents that took place between February and April 2023, and these incidents primarily consist of job assignments that plaintiff found humiliating, demeaning, or otherwise inappropriate based on his understanding of his job requirements. Plaintiff claims that his phone was found in the lost and found box under "suspicious circumstances," and he alleges that his managers and supervisors regularly treated him with hostility. Dkt. # 1, at 2. In particular, plaintiff references an incident which he refers to as "Cleaning Day" during which his supervisor allegedly made him perform menial cleaning tasks. Id. at 7. Plaintiff also contends that Walmart offered to move him to another shift or reassign him to a new position to isolate him and prevent him from complaining about workplace discrimination. Id. at 10. Courts have consistently found that these types of allegations do not support an inference that an employer engaged in extreme and outrageous conduct under Oklahoma law, and cases with substantially worse conduct on the part of the employer have not risen to the level of extreme and outrageous conduct. See, e.g., Earles v. Cleveland, 418 F. Supp. 3d 879, 898 (W.D. Okla. 2019) (generally offensive behavior such as belittling an employee and compelling unnecessary or unusual job duties was not extreme and outrageous behavior); Chance v. City of Tulsa, 2014 WL 5600657, *5 (N.D. Okla. Nov. 3, 2014) (allegations that the Tulsa Fire Department improperly obtained nude photographs of a female applicant did not satisfy the extreme and outrageous elements of intentional infliction of emotional distress claim); Gabler v.

Holder and Smith, Inc., 11 P.3d 1269, 1280 (Okla. Civ. App. 2000) (noting that facts concerning abuse or mistreatment by coworkers or supervisors will rarely rise to the level of extreme and outrageous conduct). Plaintiff's allegations of behavior by his supervisors or coworkers that he perceived to be offensive or based on a racial bias occurred over a relatively limited period of time and were not so offensive to qualify as extreme and outrageous conduct under Oklahoma law. Plaintiff's intentional infliction of emotional distress claim should be dismissed, and plaintiff will not be granted leave to include this claim in an amended complaint.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss and brief in support (Dkt. # 13) is **granted**. Plaintiff will be granted leave to file an amended complaint re-asserting his Title VII and OADA claims (Counts I and V), but his remaining claims (Counts II, III, IV) are dismissed without leave to amend.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint re-asserting his Title VII and OADA claims only no later than **April 30, 2025**.

**DATED** this 15th day of April, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE