UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

EMIT BALL,                              )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. 24-CV-0615-CVE-JFJ
                                        )
WALMART, INC.,                          )
                                        )
            Defendant.                  )

**OPINION AND ORDER**

Now before the Court is Defendant' Motion to Dismiss Amended Complaint (Dkt. # 34). Plaintiff filed his original complaint alleging workplace discrimination claims under federal and state law, as well as claims under federal and state criminal hate crime statutes and a claim for intentional infliction of emotional distress. Dkt. # 1. Defendant Walmart, Inc. (Walmart) filed a motion to dismiss plaintiff's claims and, as to the workplace discrimination claims, argued that plaintiff failed to allege that he had exhausted his administrative remedies. Dkt. # 13, at 3-4. The Court granted the motion to dismiss as to all claims, but plaintiff was granted leave to file an amended complaint clarifying whether he had timely exhausted his administrative remedies for his workplace discrimination claims (counts I and V). Dkt. # 32.

Plaintiff has filed an amended complaint realleging his discrimination claims (counts I and V), and he states that he filed this case within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Dkt. # 33. Wal-mart argues that plaintiff's amended complaint clearly establishes that his federal and state workplace discrimination claims are untimely. Dkt. # 34. Plaintiff responds that his state law discrimination claims are timely under a

two year statute of limitations, and he argues that his deadlines to exhaust his administrative remedies should be equitably tolled. Dkt. # 36.[1]

Plaintiff alleges that he was constructively terminated on April 26, 2023 when he resigned from his employment at Wal-Mart, and he alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA). Dkt. # 33, at 5. Plaintiff alleges that he received a right to sue letter on December 9, 2024 and that he filed suit within 90 days of receiving the right to sue letter. Id. at 6. Plaintiff has attached copies of his EEOC charge and right to sue letter, and he alleges that the last act of discrimination occurred on April 26, 2023. Dkt. # 33-1, at 2. The charge was filed on December 9, 2024, and the EEOC advised plaintiff that his charge was dismissed as untimely. Id. at 5. The right to sue letter does advise plaintiff that he must bring suit within 90 days of receiving the letter, but the EEOC did not make any representations that plaintiff had timely exhausted his administrative remedies. Id.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by

---

[1] The Court has also reviewed defendant's reply (Dkt. # 37) and plaintiff's surreply (Dkt. # 38), and the motion to dismiss (Dkt. # 34) is ripe for adjudication.

showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall

Walmart argues that plaintiff's Title VII and OADA claims (counts I and V) should be dismissed due to plaintiff's failure to file a timely charge of discrimination before filing suit. An aggrieved employee who intends to file discrimination claims against his employer must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1163 (10th Cir. 2007). The filing of an EEOC charge is not a jurisdictional requirement that must be satisfied prior to filing suit, and it is an affirmative defense that is subject to waiver, estoppel, and equitable tolling. Lincoln v. BNSF Railway Co., 900 F.3d 1166, 1183 (10th Cir. 2018). Whether or not an EEOC filing is a jurisdictional prerequisite, the practical effect is the same in cases in which a defendant seeks dismissal based on the plaintiff's failure to file an EEOC charge, and courts must dismiss Title VII claims for failure to exhaust administrative remedies when it is undisputed that the plaintiff has not filed a timely EEOC charge. Smith v. Cheyenne Retirement Investors, L.P., 904 F.3d 1159, 1163-64 (10th Cir. 2018).

Exhaustion of administrative remedies is also a requirement under Oklahoma law, and an OADA claim is subject to dismissal for failure to file a timely charge of discrimination in the same manner as Title VII claims. OKLA. STAT. tit. 25, § 1302; Livingston v. Humana, 2023 WL 8243030, *2 (N.D. Okla. Nov. 28, 2023).

Under Title VII, a charge of discrimination must be filed within 300 days of the discriminatory conduct in a deferral state such as Oklahoma. 42 U.S.C. § 2000e-5(e)(1); Ford v. Jackson Nat'l Life Ins. Co., 45 F.4th 1202, 1228 (10th Cir. 2022); Jensen v. West Jordan City, 968 F.3d 1187, 1203 (10th Cir. 2020). Plaintiff seems to concede that his EEOC charge was not filed within 300 days of his resignation, but he argues that limitations period should be equitably tolled due to "procedural confusion, lack of notice, and [d]efendant's own misleading conduct that lulled Plaintiff into delay." Dkt. # 36, at 2, 6. Equitable tolling of the deadline to file a timely EEOC charge is extremely rare, and equitable tolling is permitted only when a defendant's actions "rise to the level of active deception" or when a plaintiff has been "lulled into inaction by [his] past employer . . . ." Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002). Plaintiff's arguments concerning equitable tolling are at best vague and conclusory, and he has not alleged that Wal-mart engaged in any conduct following his termination that would have deterred him from filing an EEOC charge. Plaintiff's EEOC charges was not filed within 300 days of his resignation, and his Title VII claim (count I) is dismissed due to plaintiff's failure to timely exhaust his administrative remedies.

Plaintiff contends that his OADA claim is timely based on his belief that there is a two year statute of limitations for OADA claims. Dkt. # 36, at 2; Dkt. # 38, at 5. Plaintiff is mistaken. Under OKLA. STAT. tit. 25, § 1350(B), "an aggrieved party must, within one hundred eighty (180) days

4

from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the [EEOC]" in order to bring a lawsuit against his employer.  Plaintiff cites "25 O.S. § 1350(F)," which he claims provides a two year statute of limitations.[2]  Based on plaintiff's argument and citations, it appears that he is confusing the statute of limitations for the former Burk[3] tort with the limitations period for the exhaustion of administrative remedies for an OADA claim.  However, the Oklahoma Legislature amended the OADA and abolished the Burk tort, and the OADA now provides the exclusive state law remedy for workplace discrimination.  Bennett v. Windstream Communications, Inc., 30 F. Supp. 3d 1243, 1260 (N.D. Okla. 2014).  Plaintiff's EEOC charge was filed well beyond the 180 day limitations period provided by § 1350 for exhausting administrative remedies to bring an OADA claim, and he failed to timely exhaust his administrative remedies prior to filing this case.  Plaintiff's failed to timely exhaust his administrative remedies under Title VII and the OADA prior to filing suit against Walmart, and the claims alleged in plaintiff's amended complaint (Dkt. # 33) are dismissed.

**IT IS THEREFORE ORDERED** that Defendant' Motion to Dismiss Amended Complaint (Dkt. # 34) is **granted**.  A separate judgment of dismissal is entered herewith.

**DATED** this 21st day of July, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]  Section 1350(F) states that "[t]he defending party may allege any defense that is available under [Title VII], the Age Discrimination in Employment Act, the Pregnancy Discrimination Act, the Rehabilitation Act, the Americans with Disabilities Act, or the Genetic Information Nondiscrimination Act."  OKLA. STAT. tit. 25, § 1350(F).

[3]  Burk v. K-Mart Corp., 770 P.2d 24 (1989).